**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**SS UNITED STATES PRESERVATION FOUNDATION, INC., and STEVEN R. PERRY,**

**Plaintiffs,**

**v.** **CASE NO. 3:26-cv-5339-MCR-HTC**

**UNITED STATES ARMY CORPS OF ENGINEERS, et al.**

**Defendants.**

_____________________________________/

# ORDER

This case involves alleged violations of the National Environmental Policy Act ("NEPA") and National Historic Preservation Act ("NHPA") relating to the *SS United States*. On November 4, 2026, Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction seeking a Court order prohibiting the towing, deployment, and sinking of the *SS United States*. No affidavits accompany the motion, and the corresponding complaint is unverified.

A temporary restraining order ("TRO") is "an extraordinary and drastic remedy" to be granted only if the movant establishes: (1) a substantial likelihood of prevailing on the merits; (2) a likelihood of irreparable injury in the absence of the TRO; (3) that the movant's threatened injury outweighs the harm it may cause to the

adverse party; and (4) that if issued, the TRO would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1035 (11th Cir. 2001). Because a TRO is issued ex parte without notice, the motion must include "specific facts in an affidavit or a verified complaint [to] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Here, the docket is void of a verified complaint and/or any affidavit attesting to the truthfulness of the facts set forth in the complaint and motion.[1] Plaintiffs' motion thus fails to comply with Rule 65(b)(1)(A) and will be denied. Plaintiffs' motion also requests the Court to waive Rule 65(c)'s bond requirement, or alternatively, to require only minimal security. Plaintiffs' request fails to recognize the obvious substantial expense associated with the injunction it requests; i.e. berthing, mooring, docking, storing, etc. a vessel as large as the *SS United States*. The motion is denied for this reason as well. Any subsequent TRO motion must propose a bond amount sufficient to cover these expenses, supported by a reasonable factual basis.

---

[1] Sworn statements must be based on personal knowledge; the Court will not consider any subsequent filing in support of a TRO that contains hearsay.

Accordingly, the Emergency Motion for a Temporary Restraining Order, ECF No. 8, is **DENIED** without prejudice. Plaintiffs are directed to immediately provide a copy of this Order and any other subsequent filing, if applicable, to all Defendants.

**DONE AND ORDERED** this 6th day of November 2026.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**